IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Latroise Trueheart,  )
    Petitioner,  )
  )
v.  )    1:14cv289 (LMB/JFA)
  )
Dir., Dep't Corr.,  )
    Respondent.  )

MEMORANDUM OPINION

Latroise Trueheart, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging he was denied due process during the sentencing phase of his state criminal trial. On May 16, 2014, respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits, and provided Trueheart with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7K. After being granted an extension of time to reply, Trueheart timely submitted a reply brief on July 8, 2014. Accordingly, the matter is now ripe for disposition. After careful consideration, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

**I. Background**

Following a bench trial in the Circuit Court for the County of Prince Edward, Trueheart was convicted of robbery, burglary, possession of a firearm by a convicted felon, and two counts of use of a firearm in the commission of a felony. Case Nos. CR10-191-00, CR10-192-00, CR10-193-00, CR10-194-00, and CR10-325-00. The court sentenced Trueheart to fifty-three years imprisonment with forty-one years suspended. The facts underlying the conviction were described by the Court of Appeals of Virginia as follow:

> [O]n September 19, 2009, Jasmine Morrison answered her door and two men rushed inside and robbed her at gunpoint. The men also took money and a gun from her residence. She called the police, and Lieutenant Epps responded to the scene at which time she told him that two of her boyfriend's friends had robbed her. Within a week of the incident, Morrison was shown a photo of the individuals she originally reported had committed the crime, and realized that they were in fact not the individuals who robbed her. She testified that the two robbers resembled the men she initially but mistakenly identified. She again identified appellant during the trial.
>
> Antonio Haskins testified he participated in the robbery with appellant and Vernon Brookshire. He explained that they had gone to Morrison's house to purchase marijuana from her boyfriend, but he was not there. Then, appellant insisted Haskins knock on Morrison's door and when she opened it, appellant and Brookshire ran inside with the firearm displayed. Brookshire also testified at appellant's trial and confirmed Haskins' account of the events.
>
> Appellant's mother and stepfather, in his defense, testified he was with them at their home at the time the crime was committed.

Trueheart v. Commonwealth, R. No. 2459-11-2 (Va. Ct. App. July 12, 2012); Resp. Ex. 3.

After Trueheart's trial but before he was sentenced, the Commonwealth sought to amend the original indictment to correct an incorrect citation to the Virginia Crime Code. Nov. 30, 2011 Tr. 11-15. On direct appeal, Trueheart raised two claims: the evidence was insufficient to support his conviction and the trial court erred when it allowed the Commonwealth to amend the indictments pertaining to the charge of use of a firearm while committing a felony and possession of a firearm after being convicted of a felony. Resp. Ex. 2. On July 12, 2012, the Court of Appeals of Virginia denied the appeal. R. No. 2459-11-2. The Supreme Court of Virginia refused a petition for further review on January 14, 2013, and refused a rehearing on March 8, 2013. Trueheart v. Commonwealth, R. No. 121776.

Trueheart then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on the sole claim that the trial court violated his due process rights when the indictments were amended and his sentence was enhanced without prior notice. The court dismissed the petition on September 30, 2013, applying Henry v. Warden, 265 Va. 246, 576 S.E.2d 495 (2003),

2

to hold that the issue was previously litigated at trial and on direct appeal, and thus was not cognizable in a petition for a writ of habeas corpus. Trueheart v. Dir., Dep't Corr., R. No. 13112. On March 19, 2014, Trueheart timely filed the instant federal habeas petition raising the sole claim that the trial court violated his due process rights when the indictments were amended and his sentence was enhanced without prior notice. Based on the pleadings and record before this Court, it is uncontested that Trueheart exhausted this claim as required under 28 U.S.C. § 2254.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

## III. Analysis

The Supreme Court of Virginia refused further review of Trueheart's state habeas petition by its September 30, 2013 order. R. No. 131129. Because the Virginia Court of Appeals's order was the last reasoned state court decision on Trueheart's claim, its reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). As such, only the Virginia Court of Appeals's order is reviewed below.

Trueheart alleges he was denied due process during the sentencing phase of his state criminal trial. Pet. 6. Specifically, he argues that had he been given notice that the Commonwealth was going to seek a sentence enhancement prior to sentencing, he could have "prepared and raised a defense." Pet. Handwritten insert. Further he argues "the facts in the case conclude that the gun was never use[d] to gain entry into the house at any point in time and therefore was never use[d] in the commission of a felony of burglary and was not a recidivist offence." Id. When Trueheart presented this claim to the Court of Appeals of Virginia in his direct appeal, it ruled that:

> After the jury[1] reached its verdicts, the Commonwealth sought to amend an indictment simply to correct a clerical error. The Virginia Crime Code (VCC) corresponding to the charged offense possession of a firearm by a convicted felon- was listed as WPN-5291-F6 instead of WPN-5297-F6. The correct Virginia Code section was on the indictment as well a description of the offense. Although appellant asserts in his petition that "the court authorized the Commonwealth to amend the specific language contained in the indictment," in fact, only the VCC number was altered. Similarly, although appellant contends other indictments were amended post-verdict, the record does not reflect that any other indictment was changed.
>
> "'The function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'" Sloan v. Commonwealth, 35 Va. App. 240, 246, 544 S.E. 2d 375, 378 (2001) (quoting Morris v. Commonwealth, 33 Va. App. 664, 668, 536 S.E. 2d 458, 460 (2000)) (citations omitted).

---

[1] The Court of Appeal of Virginia inadvertently referred to Trueheart's trial as a jury trial, but it was a bench trial. See Sept. 8, 2011 Tr. 9.

4

> Regarding Code § 18.2-308.2, we have specifically held that "the indictment need not allege the 'within the prior ten years' language to authorize the imposition of a mandatory sentence." <u>Atkins v. Commonwealth</u>, 57 Va. App. 2, 29, 698 S.E.2d 249, 262 (2010).
>
> Here, the indictment clearly placed appellant on notice of the nature and character of the accusation against him, as well as the facts essential to punishment. It also listed the code section under which punishment was sought.
>
>> It is true that Code § 19.2-231 provides for amendment of an indictment "[i]f there be any defect in form . . . . , or if there shall appear any variance between the allegations therein and the evidence offered in proof . . . at any time before the jury returns a verdict . . . ." There was no defect in form in the . . . indictments here, nor was there any variance between the allegations listed and the evidence offered at trial. The indictments contained the necessary language to put [appellant] on notice of the nature and character of the accusations against him, as well as the facts essential to punishment. The fact that the indictments contained surplus language, and were subject to a technical correction, did not render them defective and in need of a substantive amendment to sustain their validity. We therefore find the court's action to be in the nature of a correction to remove incorrect or misleading surplusage rather than a substantive amendment subject to Code § 19.2-231.
>
> <u>Sloan</u>, 35 Va. App. at 247, 544 S.E. 2d at 379.
>
> Furthermore, appellant has failed to establish that he was prejudiced either by the alleged error or by the court's action in correcting it. Accordingly, even if we were to assume that the trial court erred in permitting the post-verdict corrections, any such error would have been harmless.

<u>Trueheart v. Commonwealth</u>, R. No. 2459-11-2 * 2-3 (Va. Ct. App. July 12, 2014).

    Due process requires that an accused be informed of the specific charge against him and an opportunity to defend himself. <u>See</u> <u>Cole v. Arkansas</u>, 333 U.S. 196, 201, (1948); <u>see also</u> <u>In re Oliver</u>, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . are basic in our system of jurisprudence . . . ."). "Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a

deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).

Pursuant to these authorities, the state court's rejection of Trueheart's claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. As the Court of Appeals of Virginia correctly held, the change in Trueheart's indictment was to fix a clerical error: changing the Virginia Crime Code that corresponded to the charged possession of a firearm by a convicted felon offense from WPN-5291-F6 to WPN-5297-F6. Such a change amounts to nothing more than a "variance" or "other deficienc[y]" in his indictment and failed to make his trial "so egregiously unfair as to amount to a deprivation of" Trueheart's right to due process. See Ashford, 780 F.2d at 407. The indictment code, § 19.2-231, remained the same and provided Trueheart with both a reasonable notice of the charge against him and an opportunity to be heard on his defense. See In re Oliver, 333 U.S. at 273. Because the state court's rejection of this claim was based on a reasonable determination of the facts and was not contrary to the controlling federal law, its decision may not be disturbed here. Id. Therefore, this claim must be dismissed.

### IV. Outstanding Motion

Trueheart submitted an application to proceed in forma pauperis, which will be denied as moot.

### V. Conclusion

For the above stated reasons, this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 21st day of August 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge